**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
seand@phillipsdayeslaw.com
Direct: (602) 288-1610 ext. 432
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Schreiner<br><br>　　　　　Plaintiff,<br><br>v.<br><br>A Cleaner View, LLC, an Arizona limited liability company<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Christopher Schreiner, for his Complaint against Defendant, alleges as follows:

## **NATURE OF THE CASE**

1. The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. Plaintiff also seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to A.R.S. §§ 23-355 and 12-341.01.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6. The Court also has supplemental jurisdiction over the state law claims.

7. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Cochise County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

10. Upon information and belief, at all times material hereto, Defendant was and

continues to be a resident of Maricopa County, Arizona.

11. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e)(1).

12. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by A.R.S. §§ 23-350.

13. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by A.R.S. § 23-362(A) (Version 2).

14. Defendant is an "employer" as defined in 29 U.S.C. § 203(d).

15. Defendant is an "employer" as defined in A.R.S. § 23-350.

16. Defendant is an "employer" as defined in A.R.S § 23-362(B) (Version 2).

17. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

18. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

**FACTUAL BACKGROUND**

19. Defendant is a commercial window washing and janitorial company that specializes in cleaning the front and back of house in restaurants and bakeries.

20. Plaintiff was hired by Defendant on or about July 1, 2016 as a floor technician.

21. Plaintiff's regular rate of pay was $3,400 per month.

22. Plaintiff's employment with Defended ended on or about April 10, 2017.

23. Defendant properly withheld federal taxes from Plaintiff's pay checks as required by the IRS.

24. Plaintiff was a non-exempt employee.

25. Plaintiff's responsibilities included, but were not limited to, floor cleaning, tile and grout striping and cleaning, and concrete stripping and refinishing.

26. Plaintiff had no supervision or management responsibilities.

27. Plaintiff could neither hire nor fire employees.

28. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

29. Defendant managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

30. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Defendant or its' customers.

31. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

32. During the relevant period, Plaintiff's regular schedule was Sunday through Saturday.

33. During the relevant period, Plaintiff's regularly worked 50-55 hours per week.

34. Plaintiff was not paid time and one half for his hours worked over forty (40) in a week while working for Defendant.

35. Plaintiff was only paid his regular rate of pay for hours worked in excess of forty (40) in a week while working for Defendant.

36. Plaintiff is also owed non-overtime wages.

37. Plaintiff was not paid at least $300 in wages that were owed to him for worked performed on behalf of Defendant.

38. Plaintiff has retained the law firm of Phillips Dayes Law Firm PC to prosecute his claims against Defendant on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter

### COUNT ONE
### OVERTIME VIOLATION—29 U.S.C. § 206

39. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

40. While employed by Defendant, Plaintiff regularly worked multiple hours of overtime per week.

41. Defendant has intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

42. On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

43. As the direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

44. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

45. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46. On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

47. Defendant has not made a good faith effort to comply with the FLSA.

48. Plaintiff has been required to bring this action to recover their overtime compensation, and their statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

   a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendant, in an amount proved at trial;

   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   c. Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

   e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

   f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## FAILURE TO PAY WAGES

49. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

50. On information and belief, Defendant failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, at Plaintiff's regular rate of pay while Plaintiff was employed by Defendant.

51. On information and belief, Defendant's failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

52. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendant.

53. Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant:

A. Awarding Plaintiff regular compensation in the amount due to him for all of his worked for which Defendant provided no compensation while at work for Defendant;

B. Awarding Plaintiffs treble the amounts calculated pursuant to the preceding paragraph;

C. Awarding Plaintiff's reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

D. Awarding Plaintiff's costs and expenses reasonably incurred in this action;

E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G. For such other and further relief as the Court deems just and proper.

Dated: June 23, 2017

Respectfully submitted,

**PHILLIPS DAYES LAW FIRM PC**

By  /s/ Sean C. Davis_____
  Trey Dayes
  Sean Davis

Attorneys for Plaintiffs